NO. 07-07-0470-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 30, 2007
_____

SHANA LAYNE MILLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,764-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

In December 2005, appellant Shana Layne Miller plead guilty to possession of a controlled substance. The court deferred adjudication of her guilt and placed appellant on community supervision for a period of three years. The State filed a motion to adjudicate her guilt earlier this year, and on October 11, 2007, appellant entered a plea of "true" to violations alleged in the State's motion. The trial court adjudicated appellant guilty of the controlled substance offense and assessed punishment at eighteen months in a State Jail

Facility and a $500 fine. Imposition of this sentence was suspended and appellant again was placed on community supervision for a period of three years.

In a letter dated November 5, 2007, appellant indicated to the trial court her intent to appeal. Although the letter expresses some ambivalence about appellant's decision to appeal the trial court's order, we accepted it as appellant's notice of appeal.[1] Appellant's letter makes reference to her efforts to contact her court-appointed attorney following her October 11 court appearance.[2]

Given the foregoing, we now abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall utilize whatever means necessary to determine the following:

1. Whether appellant truly desires to prosecute the appeal;

2. If so, whether appellant is indigent and entitled to appointed counsel; and

---

[1] Appellant's notice of appeal was not filed until November 15, 2007. The notice, however, included a request for an extension of time that we find satisfies the requirements of Texas Rule of Appellate Procedure 10.5(b)(2). Appellant's notice of appeal is considered timely filed pursuant to Rule of Appellate Procedure 26.3. We also are provided the trial court's certification that appellant has the right of appeal. Tex. R. App. P. 25.2(d).

[2] We assure the parties that by this order we express no conclusions concerning the accuracy of appellant's understanding of her counsel's duties with regard to her appeal. Nonetheless, we remind the parties of the provisions of Article 26.04(j)(2) of the Texas Code of Criminal Procedure, which state that an appointed attorney shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel after a finding of good cause is entered on the record. Tex. Code Crim. Proc. Ann. art. 26.04 (Vernon 2002). We have no indication that counsel has been relieved of his duties.

3. If so, whether appellant's present counsel will pursue the appeal or the appointment of new counsel is necessary.

Should it be determined that appellant does want to continue the appeal and is indigent, and that new counsel should be appointed, the trial court shall appoint new counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, telephone number, and state bar number of newly appointed counsel shall be included in an order appointing counsel. If necessary, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing, if any, shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the Clerk of this Court by December 31, 2007.

It is so ordered.

Per Curiam

Do not publish.

3